**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

ROCKY MOUNTAIN CHOCOLATE FACTORY, a Colorado Corporation,

Plaintiff,

v.

TIMOTHY ARELLANO,

Defendant.

---

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Rocky Mountain Chocolate Factory, Inc. ("RMCF"), by and through its attorneys, Gardere Wynne Sewell LLP, for its Complaint against Defendant, Timothy Arellano ("Defendant") states as follows:

## NATURE OF THE ACTION

1. This is an action for trademark and trade dress infringement, unfair competition and misappropriation of trade secrets. Plaintiff seeks, among other relief and damages, a preliminary and permanent injunction against Defendant and those acting in concert with him enjoining Defendant's infringement and misappropriation.

## PARTIES

2. RMCF is a Colorado corporation with its principal place of business in Durango, Colorado.

3. Upon information and belief, Timothy Arellano is an adult individual who resides in Nevada.

## SUBJECT MATTER JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1339 and under 15 U.S.C. § 1121(a), which provides original jurisdiction in all actions arising under the Lanham Act. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

## PERSONAL JURISDICTION AND VENUE

5. Defendant is subject to personal jurisdiction in this District because Defendant has directed communications and engaged in substantial business dealings with RMCF in this District, has misappropriated intellectual property and proprietary trade secrets originating from and located in this District, and has caused loss and economic injury to RMCF in this District. Additionally, Defendant's contacts with Colorado arise from or are directly related to the causes of action set forth in this Complaint.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and because a substantial part of the property that is the subject of the action is situated in this District.

## GENERAL ALLEGATIONS

### A. RMCF's Business and Trade and Service Marks.

7. RMCF has developed methods for establishing, operating and promoting retail stores selling gourmet chocolates and other premium confectionery.

8. RMCF grants the right to others, pursuant to written franchise agreements, to develop and operate Rocky Mountain Chocolate Factory Stores ("RMCF Stores") using its proprietary methods of doing business, as well as certain trademarks, service marks, and other

indicia of origin.

9. Specifically, RMCF has extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to the names and marks ROCKY MOUNTAIN CHOCOLATE FACTORY and RMCF (the "RMCF Marks"), for the purpose of identifying the source, origin and sponsorship of RMCF and its products and services. The use of the RMCF Marks also distinguishes RMCF stores, products and services from those of others.

10. RMCF has extensively advertised and promoted RMCF Stores and the products and services it offers under the RMCF Marks throughout the United States. As a result of such efforts and the considerable money spent in connection therewith, the products offered by RMCF and its franchisees under the RMCF Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States, including the State of Nevada.

11. In addition to receiving a license to use the RMCF Marks, RMCF franchisees are provided, through a required training program and receipt of materials including the RMCF Operations Manual, a variety of confidential information proprietary to RMCF, including methods, strategies and techniques developed by RMCF such as gourmet chocolate specialty recipes and cooking methods, confectionery manufacturing, processing, ordering, stocking and inventory control, technical equipment standards, order fulfillment methods and customer relations, marketing techniques, written promotional materials, advertising, and accounting systems (the "Licensed Methods").

12. As an example, RMCF franchisees make, offer and sell candies they make onsite

at their respective stores ("Store Candy"), prepared in accordance with RMCF's proprietary and secret recipes and techniques set forth in the confidential RMCF Operations Manual and Rocky Mountain Chocolate Factory Cookbook (the "Cookbook"). Such recipes and techniques are highly confidential and of considerable value to RMCF.

13. RMCF undertakes significant efforts to maintain the confidentiality of its Licensed Methods, proprietary information and trade secrets, including by incorporating provisions in its franchise agreements for the protection of such information, and requiring franchisees and their agents and associates to execute confidentiality and noncompetition agreements.

14. RMCF has expended considerable effort and spent substantial sums in obtaining and developing the Licensed Methods. The Licensed Methods generally comprise information not known outside of RMCF's business, which would be expensive and difficult for its competitors to acquire and duplicate, and constitute trade secrets.

15. RMCF has also developed the "look and feel" of its RMCF Stores through color schemes, design layout and features, display cases and other furniture and fixtures, labels and signage, point of purchase materials and related items. This trade dress distinguishes RMCF Stores from other competing chocolate stores and is non-functional.

**B. The Summerlin RMCF Store.**

16. On March 31, 2015, Luke Joseph and Vegas Restaurants LLC (collectively, "Joseph") entered into a franchise agreement (the "Franchise Agreement") with RMCF for the operation of an RMCF store in Downtown Summerlin, Nevada (the "Summerlin Store").

17. Under the terms of the Franchise Agreement, Joseph was permitted to transfer his

franchise rights (including the associated assets) to a buyer approved by RMCF, provided that certain conditions were met.

18. Joseph decided to attempt to sell the store and RMCF cooperated with Joseph in his efforts to locate a buyer who would be approved by RMCF to take over the store as an RMCF franchisee.

19. Joseph proposed Defendant as a buyer of the Summerlin Store and new RMCF franchisee. RMCF reviewed and conditionally approved Defendant to be a new franchisee at that location.

20. In anticipation of Defendant becoming a franchisee, Defendant was permitted to operate and manage the Summerlin Store and thereby had access to Licensed Methods, proprietary recipes and other trade secrets.

21. Defendant did not sign the franchise agreement and certain conditions precedent to RMCF approving the transfer did not occur. Specifically, despite amicable demand, neither Defendant nor Joseph have paid amounts due and owing to RMCF under the Franchise Agreement.

22. RMCF terminated the Franchise Agreement. The termination was based, *inter alia*, on Joseph's failure to pay the past-due royalties.

23. By correspondence dated August 10, 2016, RMCF sent a letter to Defendant, notifying Defendant of the termination and that his operation of the Summerlin Store, including his use of the RMCF Marks, constituted trademark infringement. The letter also included a demand that Defendant return all "signs, manuals, training materials, recipes, packaging, and other materials bearing or containing RMCF Intellectual Property to RMCF no later than August

17, 2016." Defendant refused to comply with the demands.

24. Defendant thereafter continued to operate the Summerlin Store and trade on RMCF's trademark, trade dress, Licensed Methods and system.

25. Defendant has continued to operate the Summerlin Store without authorization or license and without paying RMCF royalties.

26. On October 18, 2016, an employee of RMCF visited the Summerlin Store. Defendant was still using and displaying RMCF exterior signage and RMCF decals on both front doors. Additionally, Defendant had not changed and was using and displaying RMCF trade dress unchanged throughout the store. The following illustrative list describes the non-functional design and décor elements Defendant was displaying, the RMCF trade secret recipes Defendant was using, and the RMCF products Defendant was selling:

a. Defendant's candy cases displayed RMCF (purple and white) candy tag signs;

b. Defendant was selling "Avalanche Bark," which is made with an RMCF proprietary recipe, and using an RMCF description tag;

c. Defendant's apple case used RMCF apple tag description signs. Defendant was selling RMCF-branded Tiger Butter, Avalanche and Apple Pie apples;

d. The shelves of the apple case also consisted of the purple extrusions that are an RMCF brand item. The extrusions were either solid purple or purple with the printed words "DELECTABLE," "INDULGENT," "FRESH," "DELICIOUS" or "CRISP";

e. Defendant was using RMCF copper wired logo ribbon around the store to decorate the glass jars on top of the candy case;

f. Defendant was using an acrylic holder with the RMCF brochure for franchise opportunities;

g. Defendant had not changed the cook's area and was using and displaying the original to RMCF utility bar, copper kettle, copper hood, apple rack, granite table, and cook's scale;

h. Defendant was using and displaying all cases and fixture wood stain original to the RMCF brand;

i. Defendant was displaying an RMCF-branded menu board, which included the RMCF logo;

j. Defendant was displaying various RMCF copper frames throughout and displaying RMCF promotional/seasonal posters; and

k. Defendant was using the original copper header with RMCF logo pictured with an RMCF original "FRESH" art piece on the back wall.

27. On November 8, 2016, RMCF caused a second letter to be sent to Defendant. The letter reiterated that Defendant was "using RMCF's trademarks, trade names, trade dress, trade secrets, and licensed methods … with respect thereto without agreement, license or authority, in violation of state and federal law." The letter included a demand that Defendant return to RMCF all "signs, manuals, training materials, recipes, packaging, advertising, and other materials bearing or containing RMCF Intellectual Property by November 14, 2016."

28. On November 21, 2016, counsel for RMCF had a conversation with Defendant in which Defendant represented that he was attempting to comply with RMCF's demands. During the conversation, Defendant agreed that he would provide written descriptions of the actions he was taking to de-identify the Summerlin Store and confirmation he was no longer using trade secrets. Defendant also stated that he was changing the name of the store to "Red Rock Chocolate Factory."

29. Defendant did not provide written confirmation or a description of efforts to de-identify the location.

30. On December 2, 2016, counsel for RMCF sent a third letter. The letter referenced the conversation on November 21, 2016, and stated that Defendant had not made good on his

promise to provide written confirmation. The letter further provided notice to Defendant that RMCF would object to Defendant's use of the "Red Rock Chocolate Factory" name and mark on the basis that it is confusingly-similar to the RMCF Marks and Defendant needed to use a different name.

31. On December 11, 2016, an employee of RMCF made a second visit to the Summerlin Store. During that visit, the employee observed that Defendant was still using and displaying both RMCF outside signs. Defendant was also selling RMCF-branded stuffed animals. In addition, Defendant was using and displaying throughout the store, among other things:

a. The original RMCF point-of-purchase sales materials;

b. RMCF candy description cards for chocolates and apples;

c. The original RMCF menu board; and many other elements; and

d. Other RMCF trade dress and décor.

32. On December 12, 2016, Defendant sent an email to counsel for RMCF. In the email, Defendant again represented that he was in the process of de-identifying the store, and that "all signage" would be replaced no later than December 23, 2016.

33. On January 18, 2017, an employee of an RMCF franchisee visited the Summerlin Store and observed that Defendant had attempted to file off the words "Rocky Mountain" on the exterior RMCF sign. In place of the words "Rocky Mountain," the words "Red Rock" appeared in paint. The rest of the signs were left intact and the RMCF registered trademark symbols and signature design were visible. RMCF shopping bags had been similarly altered, such that portions of the RMCF logo were visible.

34. On January 19, 2017, an employee of RMCF visited the Facebook page for "Red Rock Chocolate Factory." Photographs visible on that page revealed the unauthorized presence of RMCF décor and trade dress. See https://www.facebook.com/redrockchocolate.

35. Upon information and belief, Defendant has attempted to alter the existing signage in a perfunctory attempt to "de-identify" the Summerlin Store, but is still using and displaying the Marks and signs. Defendant is also continuing to use RMCF proprietary recipes and Licensed Methods and is selling RMCF proprietary products.

36. Defendant's current use of the RMCF Marks, and on-going use of the system and Licensed Methods is without the license or consent of RMCF and has caused or is likely to cause mistake, confusion or deception in the minds of the public as to source, affiliation and sponsorship. RMCF has not authorized Defendant's infringing/imitating business and his continued operation of the Summerlin Store has damaged, and will continue to damage, RMCF.

37. In addition to the fact that both RMCF and the Defendant offer similar products at the store, the products provided by the Defendant using the RMCF system and Licensed Methods are offered to the same class of consumers as those who patronize authorized RMCF Stores. Upon seeing the familiar RMCF trademarks and trade dress and Defendant's use of the RMCF system and Licensed Methods, consumers will be deceived into concluding that the Summerlin Store, and the products and services offered and sold in connection therewith, are subject to RMCF's supervision, and are sponsored or endorsed by Plaintiff pursuant to RMCF's authority and permission.

38. Defendant intends to continue to use and display the trademarks, trade dress, and trade secrets including the methods, strategies and techniques, as well as other components of the

Licensed Methods and RMCF's trade secrets.

39. Defendant has demonstrated that he will not cease use of RMCF's Marks, trade dress, Licensed Methods and system, and recipes and products.

**COUNT I: LANHAM ACT – TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)**

40. RMCF repeats and re-alleges the preceding factual allegations.

41. Defendant's use of the mark "Red Rock Chocolate Factory" and variations thereof constitutes use of reproductions, counterfeits, copies, or colorable imitations of a registered mark in commerce in connection with the sale, offering for sale, distribution or advertising of services that is likely to have caused and will continue to cause confusion, deception, and mistake in that customers, potential customers and others are likely to believe that RMCF is the source or sponsor of Red Rock Chocolate Factory, or that Red Rock Chocolate Factory's services are in some way associated with, endorsed by, approved by, or otherwise legitimately connected with RMCF or the services provided under RMCF's federally registered marks.

42. Despite demands that these actions cease, Defendant has continued to infringe RMCF's marks, which conduct has resulted in irreparable harm to RMCF, including, but not limited to, depriving RMCF of its exclusive right to determine the manner in which its federally registered mark is represented to customers and to control the quality of goods and services identified with the mark, the persons who will be granted RMCF franchises, the procedures and recipes used in operating RMCF franchises and other matters crucial to the proper and uniform operation of a franchise system, which damage is difficult or impossible to quantify. In addition, Defendant's illegal conduct unlawfully exploits the commercial value and goodwill that RMCF,

directly and indirectly, has developed in its marks.

43. Defendant's intentional and calculated acts of infringement will cause further irreparable harm to RMCF if Defendant is not restrained by this Court from further violation of RMCF's rights and RMCF has no adequate remedy at law.

44. Defendant's conduct is an infringement of RMCF's federally registered mark in violation of 15 U.S.C. § 1114(1), and this case is exceptional under 15 U.S.C. § 1117, calling for an award of attorneys' fees to RMCF.

**COUNT II: TRADE DRESS INFRINGEMENT**

45. RMCF repeats and re-alleges the preceding factual allegations.

46. RMCF has established a unique and recognizable trade dress for its chocolate candies and other confectionary products such that the trade and the general public recognize those designs and quality as originating from RMCF.

47. The trade dress includes continued use and display of the exact same color scheme, décor, furniture, fixtures, design and layout, display cases, labels, point of purchase materials, signs, and other items.

48. These elements described above are non-functional.

49. These elements described above are inherently distinctive and have secondary meaning and have identifying significance to the RMCF products and stores.

50. Defendant's use of RMCF's unique trade dress in connection with the promotion of identical chocolate candies and confectionary products is likely to cause confusion, mistake or deception as to the source or origin, sponsorship, or approval of Defendant's products in violation of 15 U.S.C. §1125(a)(1)(A).

**COUNT III: FALSE ADVERTISING**

51. RMCF repeats and re-alleges the preceding factual allegations.

52. RMCF has established a unique and recognizable trade dress for its furniture products such that the trade and the general public recognize those designs and quality as originating from RMCF.

53. Defendant has misrepresented the characteristics and quality of its goods in commercial advertising and promotion, including social media, in violation of 15 U.S.C. § 1125(a)(1)(B).

54. Defendant's actions have caused harm and, unless enjoined, will continue to cause irreparable harm to RMCF.

**COUNT IV: UNFAIR COMPETITION**

55. RMCF repeats and re-alleges the preceding factual allegations.

56. Defendant's aforementioned acts of trade mark infringement, trade dress infringement, and false advertising constitute unfair competition under the common law as well as a violation of statutory trademark law.

57. These acts of Defendant have been carried out for the purpose of unfairly misappropriating RMCF's profits, as well as its reputation and goodwill, all to the detriment of RMCF. RMCF is therefore entitled to recover actual damages suffered as a result of these acts, enhanced damages, any and all profits of Defendant attributable to such acts, and recovery of RMCF's attorneys' fees.

58. Defendant's conduct has caused harm and, unless enjoined, will continue to cause irreparable harm to RMCF and to the intellectual property associated with RMCF franchised

system and intellectual property, for which there is no adequate remedy at law.

**COUNT V: VIOLATION OF COLORADO TRADE SECRETS ACT**

59. RMCF repeats and re-alleges the preceding factual allegations.

60. As set forth above, Defendant has and will inevitably violate the Colorado Trade Secrets Act in operating a chocolate/confectionary retail and manufacturing store using RMCF's trade secrets and proprietary information.

61. Defendant's conduct is unlawful and constitutes misappropriation of RMCF's trade secrets.

62. Defendant's intended conduct threatens RMCF with substantial, immediate and irreparable harm, and RMCF has no adequate remedy at law.

63. RMCF is entitled to injunctive relief against Defendant, enjoining him from misappropriating RMCF's trade secrets.

**DEMAND FOR JUDGMENT**

WHEREFORE, RMCF demands judgment against Defendant and in favor of RMCF as follows:

1. A preliminary and permanent injunction enjoining the Defendant, his agents, servants and employees, and those people in active concert or participation with them from:

a. Using the RMCF Marks or any trade mark, service mark, logo or trade name that is confusingly-similar to the RMCF Marks;

b. Otherwise infringing RMCF Marks or using any similar designation, alone or in combination with any other components;

c. Passing off any of his products or services as those of RMCF or its

authorized franchisees;

d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of his businesses, products or services;

e. Causing a likelihood of confusion or misunderstanding as to his affiliation, connection or association with RMCF and its franchisees or any of RMCF's products or services;

f. Unfairly competing with RMCF or its franchisees in any manner;

g. Prohibiting Defendant from using or misappropriating trade secrets and other confidential or proprietary information belonging to RMCF and using such information to his advantage and to the detriment of RMCF;

2. An order that the Defendant be required to promptly eliminate any advertising under RMCF's Marks or any other confusingly-similar designations from all media including, but not limited to, social media, newspapers, flyers, coupons, promotions, signs, menus, telephone books, telephone directory assistance listings and mass mailings, all at the Defendant's cost;

3. An order that the Defendant be required to file with the Court and to serve upon RMCF's counsel within ten (10) days after entry of any injunction order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

4. An award of the costs and expenses, including reasonable attorney's fees, incurred by RMCF in connection with this action as provided for by statute;

5. Monetary damages; and,

6. Such other and further relief as the Court deems just and proper.

Dated this 3rd day of March, 2017.

Respectfully submitted,

/s/ Leonard H. MacPhee
Leonard H. MacPhee
William W. Sentell, III
Gardere Wynne Sewell LLP
600 17th Street, Suite 2325S
Denver, Colorado 80202
Telephone: 720-437-2005
Email: lmacphee@gardere.com

**Attorneys for Plaintiff**

**Plaintiff's Address:**

Rocky Mountain Chocolate Factory, Inc.
265 Turner Drive
Durango, CO 81303

Gardere01 - 9917529v.5